UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No:  2:13-cv-636-FtM-38DNF

VIN:   WP1AD2A26DLA72280,
VIN: WP1AA2A20DLA05294,
VIN: 5UXZV4C5XD0B20600,
VIN: WP1AA2A25DLA03721,
VIN: WP0AA2A78DL011101,
VIN: WP0AF2A79DL076170,
VIN: WP1AA2A29DLA02832
and VIN: WP1AA2A25DLA02679,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on the Plaintiff, United States of America's Contested Motion for Stay of Civil Forfeiture Proceedings (Doc. #29) filed on January 3, 2014.  The Claimant, IFYI, Inc. filed its Response in Opposition (Doc. #31) to the stay on January 13, 2014.  The Motion is now ripe for the Court's review.

# FACTS

Sometime in late 2012, United States Customs and Border Protection detained four (4) automobiles that belonged to the Claimant IFYI.  Seizure warrants were issued on the vehicles in April 2013.  On July 15, 2013, the Claimant IFYI filed suit in this Court

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

against the Government case number IFYI, Inc. v. USA, 2:13-cv-525-FtM-JES. The Claimant subsequently voluntarily dismissed its case against the Government. On August 30, 2013, the Government filed a Complaint *in rem* against the Defendant Vehicles pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). (Doc. #1). The Government now moves the Court for a stay in the civil case pending the outcome of its criminal investigation.

## DISCUSSION

The Plaintiff, the United States of America (Government), moves the Court to stay the instant civil forfeiture proceeding pending the outcome of a criminal investigation involving the Claimant IFYI. The Claimant argues that the Government has not met its burden under the law to justify a stay.

Eighteen U.S.C. § 981(g) provides for stay of a civil forfeiture case pending the conclusion of a related criminal investigation or trial. The statute reads in pertinent part "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).

Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay. Indeed, "civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." U.S. v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, in Name of Gold and Silver Reserve, Inc., 456 F.Supp.2d 64, 65 -66 (D.D.C. 2006) (citing McSurely v.

McClellan*,* 426 F.2d 664, 671-72 (D.C.Cir.1970)). However, the government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case. U.S. v. GAF Financial Servs., Inc.*,* 335 F.Supp.2d 1371, 1373 (S.D.Fla.2004); *cf.* U.S. v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account*,* WL 1834589, at *3-4 (N.D. Tex. Aug. 10, 2004) (motion to stay denied because government did not show that civil discovery would adversely affect its criminal investigation). The parties and the facts of the civil and criminal cases need not be identical but must be similar. GAF Financial Servs.*,* 335 F.Supp.2d at 1373. Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related. Id. Where civil discovery would subject the government's criminal investigation to "early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding," a stay should be granted. U.S. v. One Assortment of Seventy-Three Firearms*,* 352 F.Supp.2d 2, 4 (D. Me.2005).

      The Government states that the Claimants and others are subjects of an ongoing criminal investigation.  According to the Government, the criminal investigation involves the same scheme alleged in the instant civil action.  The Government states that its investigation involves information obtained from witnesses and the discovery of the witnesses' identity by the Claimants would hinder the ongoing investigation.  In addition, the Government states that the disclosure of certain materials during the civil discovery may jeopardize the ongoing criminal investigation.   Thus the Government argues that the civil discovery would have an adverse effect on its ability to conduct the related criminal investigation.

Based upon the Governments claims, the Court believes that good cause exists to stay the instant civil action. The civil case involves the same events and common facts, related witnesses, and the materials disclosed during the civil discovery would hinder an ongoing criminal investigation. Thus, the case will be stayed.

Accordingly, it is now

**ORDERED:**

The Plaintiff, United States of America's Contested Motion for Stay of Civil Forfeiture Proceedings (Doc. #29) is **GRANTED**.

1. The case is hereby **STAYED** pending the Government's criminal investigation.

2. The Government shall file a written status reports regarding the progress of the investigation every sixty (60) days and notify the Court when the criminal investigation is concluded so the stay can be lifted.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record